**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PLAMEN SIMEONOV SIMEONOV; MARIYANA VALCHEVA SIMEONOVA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73429 <br><br> Agency Nos.  A098-156-809 <br> A098-156-810 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Plamen Simeonov Simeonov and Mariyana Valcheva Simeonova, natives

and citizens of Bulgaria, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998), and grant in part and deny in part the petition for review, and remand.

Substantial evidence does not support the IJ's adverse credibility determination in that the IJ's finding that Simeonov's testimony was vague and general is belied by the record, and the IJ failed to point to any specific and cogent reason for disbelieving his testimony. *See id.* at 1013 (generalized statements that do not identify specific examples of evasiveness or contradiction in the petitioner's testimony are insufficient to support an adverse credibility determination). Further corroboration was therefore not required. *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004). Because it is apparent from the record that the IJ listed all possible reasons to support an adverse credibility determination, we deem Simeonov's testimony to be credible. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

The agency concluded that, assuming credibility, Simeonov failed to establish past persecution because the harm he suffered did not rise to the level of persecution. Simeonov testified that police beat him severely during one arrest,

that on another occasion police arrested, beat and detained him, his brother and his father for several days without food or water, and that his father died as a result of the beatings. He further testified that as a child, police forcibly removed Simeonov and his family from their home on account of their Roma ethnicity. The record compels reversal of the agency's determination that the harm Simeonov suffered did not rise to the level of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) ("totality of circumstances" compelled finding of harm rising to the level of persecution where petitioner was detained twice, was hit and kicked, forced to do pushups, hit with an electric baton and beaten with a pole while tied to a chair).

Accordingly, we grant the petition with respect to petitioners' claims for asylum and withholding of removal, and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte*, 555 F.3d at 1093-96.

In light of this disposition, we do not reach the agency's determinations regarding changed country conditions and internal relocation.

Substantial evidence supports the IJ's determination that petitioners are not entitled to CAT relief because they failed to demonstrate it is more likely than not that they would be tortured by or with the acquiescence of the Bulgarian

government if they return to Bulgaria.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).  Accordingly, we deny the petition as to the CAT claim.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

08-73429